NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000920
31-AUG-2016
09:25 AM

CAAP-14-0000920

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SHIGEZO HAWAII, INC., a Hawai'i Corporation,
Plaintiff-Appellant,
v.
SOY TO THE WORLD INCORPORATED, a Hawai'i Corporation;
INOC CORPORATION, a Hawai'i Corporation, dba SOY TO THE WORLD;
EMI YAMADA, dba HANA SOY; MUNEHIRO YAMADA; YUJI IWATA;
YOSHIHIRO WATANABE; FUJIYA HONPO, INC., a Hawai'i Corporation;
ADAMAYS, LLC; Defendants-Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20;
DOE CORPORATIONS 1-20; DOE GOVERNMENT ENTITIES 1-20,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-2586)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Ginoza, JJ.)

This appeal arises out of a business dispute, debt
collection attempts, and the alleged fraudulent transfer of
business assets, including tofu making machinery.

I.

Munehiro Yamada (Munehiro) was a tofu artisan, who
controlled INOC Corporation (INOC), which did business under the
trade name "Soy to the World." Soy to the World manufactured and

sold tofu. In 2006, Munehiro met Kazuhiro Maruko (Maruko), who was the president of Shigezo Hawaii, Inc. (Shigezo). Munehiro and Maruko discussed an agreement to establish a business relationship between INOC and Shigezo. Shigezo transmitted $50,000.00 to INOC, but no formal agreement was reached.

In May 2007, Shigezo sued Munehiro and INOC in a prior lawsuit, Civil No. 07-1-0977, for the $50,000.00 and other relief. On October 7, 2008, judgment in the amount of $141,865.40 was entered in Civil No. 07-1-0977 in favor of Shigezo and against INOC and Munehiro. The judgment was entered by default as a discovery sanction.[1]

After Shigezo filed its lawsuit in Civil No. 07-1-0977, but prior to the entry of the judgment, Munehiro and INOC relocated the business and its tofu making machinery to the premises of Fujiya Honpo, Inc. (Fujiya). Munehiro and INOC obtained a loan of $40,000.00 from Yuji Iwata (Iwata), Director of Fujiya, and Yoshihiro Watanabe (Watanabe), and the tofu making machinery was used as collateral for the loan.

In October 2008, Shigezo attempted to collect its judgment against Munehiro and INOC and obtained a writ of execution for property, including tofu making machinery, owned by Munehiro and INOC. Shigezo was unable to levy on the tofu making machinery because on October 27, 2008, Iwata and Watanabe claimed a right of co-ownership to the tofu making machinery, which was then located within Fujiya's factory.

On December 15, 2008, Shigezo filed the complaint in the instant case, Civil No. 08-1-2586, against INOC, Munehiro, Munehiro's wife, Emi Yamada (Emi), Soy to the World Incorporated, Iwata, Fujiya, and Watanabe, alleging various causes of actions including violations of the Hawai'i Uniform Fraudulent Transfer Act (HUFTA), Hawaii Revised Statutes (HRS) Chapter 651C, contempt

---

[1] Additional details regarding the circumstances surrounding the entry of this judgment are not contained in the record on appeal.

of court, civil conspiracy, and interference with judicial process.

On July 31, 2011, Munehiro filed a petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Hawai'i (Bankruptcy Court). Shigezo removed the instant case to the Bankruptcy Court and filed a supplemental complaint to assert that its claims against Munehiro were not dischargeable under sections 523(a)(2)(A), (a)(4), and (a)(6) of the Bankruptcy Code. After holding a trial in the adversary proceeding over Shigezo's supplemental complaint, the Bankruptcy Court issued Findings of Fact and Conclusions of Law and ruled that Shigezo's claims against Munehiro were dischargeable in bankruptcy. The Bankruptcy Court remanded Shigezo's claims against all other defendants in this case to the Circuit Court.

The Circuit Court[2] subsequently held a bench trial on Shigezo's claims against the remaining defendants.[3] As part of the trial, the parties stipulated to the admission into evidence of the Bankruptcy Court's Findings of Fact and Conclusion of Law.[4] As to Shigezo's HUFTA claims, the Circuit Court concluded that Shigezo had proven that the transfer of the tofu making machinery by Munehiro and INOC was fraudulent pursuant to HRS § 651C-4(a)(1) (1993). The Circuit Court, however, ruled that the transfer was not voidable under the HUFTA because Shigezo had failed to submit sufficient evidence to prove that the transferee of the machinery (1) had not provided reasonably equivalent value for the transfer and (2) had acted in bad faith. The Circuit

---

[2] The Honorable Rhonda A. Nishimura presided.

[3] After Munehiro's bankruptcy discharge and prior to the trial in the Circuit Court, Shigezo withdrew its claims against Munehiro without prejudice. Also prior to trial, default was entered against ADAMAYS, LLC, which had been certified as a Doe Defendant, and Watanabe.

[4] Shigezo stipulated to the admission into evidence of the Bankruptcy Court's Findings of Fact and Conclusion of Law subject to its reservation of objections on the grounds of relevancy and prejudice.

3

Court further ruled that Shigezo had failed to present competent evidence of its damages on its HUFTA claims and awarded nominal damages in the amount of $1.00 to Shigezo against INOC. As to Shigezo's non-HUFTA claims, the Circuit Court concluded, among other things, that Shigezo failed to establish its claims for contempt, civil conspiracy, interference with judicial process, joint liability for Shigezo's unsatisfied judgment, constructive trust, disgorgement of profits, and punitive damages.[5/] The Circuit Court entered its Judgment on June 3, 2014.

II.

On appeal, Shigezo contends that the Circuit Court erred in: (1) "dismissing" Shigezo's HUFTA claims in Counts I through IV after it concluded that Munehiro and INOC had engaged in a fraudulent transfer of the tofu making machinery; (2) entering findings of fact and conclusions of law that were inconsistent with the Bankruptcy Court's findings and conclusions; (3) stating that there was no evidence of the value of the property conveyed; (4) dismissing Shigezo's claims of civil conspiracy and interference with judicial process; and (5) allowing the defendants to raise collateral estoppel and res judicata defenses.

As explained below, we conclude that the Circuit Court erred in placing the burden of proof on Shigezo to demonstrate that the transferee of the tofu making machinery had not provided reasonably equivalent value for the transfer and had acted in bad faith. Shigezo demonstrated his *prima facie* entitlement to the remedy of avoidance of the transfer by establishing under HRS § 651C-4(a)(1) that the transfer was fraudulent. See HRS § 651C-7(a) (1993). HRS § 651C-8(a) (1993) provides the transferee with a defense to the voiding of a fraudulent transfer if the transferee can show that he or she took the property in good

_____

[5/] Prior to trial, Shigezo voluntarily withdrew its claims for appointment of a receiver and for an injunction.

4

faith and for a reasonably equivalent value. However, under HRS § 651C-8(a), it was the burden of the transferee of the tofu making machinery to prove that the transfer was not voidable; it was not Shigezo's burden to disprove the elements of the transferee's defense. In light of the Circuit Court's error, we vacate the Circuit Court's Judgment with respect to Counts I through IV to the extent that it rendered judgment and awarded nominal damages on Shigezo's HUFTA claims. We affirm the Circuit Court's Judgment in all other respects.

III.

We dispose of the arguments raised by Shigezo on appeal as follows.

A.

Shigezo argues that the Circuit Court erred in "dismissing" Shigezo's HUFTA claims set forth in Counts I through IV after concluding that Munehiro and INOC had engaged in a fraudulent transfer of the tofu making machinery. The Circuit Court did not dismiss Shigezo's HUFTA claims, but rather ruled that the transfer was not voidable. Although Shigezo refers to the dismissal of its HUFTA claims, the gist of Shigezo's argument is that the Circuit Court erred in ruling that Munehiro and INOC's fraudulent transfer of the tofu making machinery was not voidable. We conclude that the Circuit Court erred in allocating the burden of proof in deciding whether Shigezo was entitled to an avoidance of the transfer, and therefore, the Circuit Court's ruling that the transfer was not voidable cannot stand.

In its complaint, Shigezo asserted violations of the HUFTA pursuant to HRS § 651C-4(a)(1) (Count I), HRS § 651C-4(a)(2) (Count II), HRS § 651C-5(a) (Count III), and HRS § 651C-5(b) (Count IV).[6/] At trial before the Circuit Court, the parties

_____

[6/] HRS §§ 651C-4(a) and 651C-5 (1993) provide in relevant part:

[§ 651C-4] **Transfers fraudulent as to present and future creditors.** (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose
(continued...)

stipulated to the admission into evidence of the Bankruptcy Court's Findings of Fact and Conclusions of Law.  The Circuit Court adopted the Bankruptcy Court's finding that:

> After Shigezo filed its suit, and continuing after Shigezo took the judgment,[7] [Munehiro] took steps which he intended to hinder, delay, or defeat Shigezo's attempts to collect its claims.  He caused his then wife, Emi Yamada, to form a series of companies to conduct a tofu business.  He moved the tofu machine to a business location owned by an acquaintance and took steps to block Shigezo's attempt to levy on the machine.

The Circuit Court also adopted the Bankruptcy Court's finding that Munehiro controlled INOC.  Based on these findings, the

---

[6] (...continued)
before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

    (1)    With actual intent to hinder, delay, or defraud any creditor of the debtor; or

    (2)    Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

        (A)    Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; . . .

    .  .  .  .

    **[§ 651C-5]  Transfers fraudulent as to present creditors.** (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor becomes insolvent as a result of the transfer or obligation.

    (b) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for other than a present, reasonably equivalent value, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

    [7] The Bankruptcy Court's finding adopted by the Circuit Court clearly referred to Shigezo's prior May 2007 lawsuit in Civil No. 07-1-0977 and the judgment entered in that lawsuit.  However, the Circuit Court misidentified the lawsuit referenced in this Bankruptcy Court finding as Civil No. 08-1-2586.

Circuit Court determined that "as to judgment debtors Defendant [Munehiro] and Defendant INOC, the 'transfer' of the tofu making machinery was fraudulent pursuant to HRS § 651C-4(a)(1)."

A creditor who establishes that a transfer was fraudulent pursuant to HRS § 651C-4(a)(1) may obtain "[a]voidance of the transfer . . . to the extent necessary to satisfy the creditor's claim[.]" HRS § 651C-7(a)(1). This remedy, however, is subject to a transferee's right to assert a defense to the voiding of the transfer by showing that the transferee took in good faith and for a reasonably equivalent value. HRS § 651C-8, entitled "Defenses, liability, and protection of transferee[,]" provides, in relevant part, that "[a] transfer . . . is not voidable under section 651C-4(a)(1) against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee . . . ." HRS § 651C-8(a). The transferee asserting this defense has the burden of proving that he or she took in good faith and for a reasonably equivalent value. See Schmidt v. HSC, Inc., 136 Hawai'i 158, 167, 358 P.3d 727, 736 (App. 2015) ("[A] transferee's 'good faith' may, when combined with 'reasonably equivalent value,' provide a defense and protection of the transferee from the voiding of a transfer otherwise proven to be fraudulent pursuant to HRS § 651C-4(a)(1) [.]"); In re Agricultural Research and Technology Group, Inc., 916 F.2d 528, 535-36, 539 (9th Cir. 1990) (construing HRS § 651C-8 as imposing the burden of proof on the transferee of showing good faith); Uniform Fraudulent Transfer Act of 1984 § 8 cmt. (1) ("The person who invokes this defense [in subsection (a)] carries the burden of establishing good faith and the reasonable equivalence of the consideration exchanged.").[8]

---

[8] Hawai'i's HRS Chapter 651C was modeled after the Uniform Fraudulent Transfer Act of 1984, see S. Stand. Comm. Rep. No. 372 in 1985 Senate Journal, at 1051, and the language of HRS § 651C-8(a) is virtually identical to the language of the corresponding Section 8(a) of the Uniform Fraudulent Transfer Act of 1984.

Here, although the Circuit Court determined that Munehiro and INOC's transfer of the tofu making machinery was fraudulent pursuant to HRS § 651C-4(a)(1), the Circuit Court further ruled that the transfer was not voidable. The Circuit Court concluded: "[Shigezo] failed to submit sufficient, credible evidence that this transfer was NOT for a 'reasonably equivalent value' and was done in bad faith. Therefore, the transfer is not voidable for purposes of [Shigezo's HUFTA] claims." In reaching this conclusion, the Circuit Court clearly failed to place the burden on Iwata, the transferee of the tofu making machinery, to prove that he had taken the transferred property in good faith and for a reasonably equivalent value, and instead placed the burden on Shigezo to disprove the elements of the transferee's defense under HRS § 651C-8(a). In doing so, the Circuit Court erred.

The Circuit Court's error was integral to its ruling that the transfer of the tofu making machinery was not voidable for purposes of Shigezo's HUFTA claims. It may also have affected the Circuit Court's decision to only award nominal damages to Shigezo on its HUFTA claims. Accordingly, we vacate the Circuit Court's Judgment with respect to Count I through IV to the extent that it entered judgment and awarded nominal damages on Shigezo's HUFTA claims and remand the case for further proceedings.

B.

Shigezo contends that the Circuit Court erred in entering findings of fact and conclusions of law that were inconsistent with the Bankruptcy Court's findings and conclusions. While Shigezo's argument is confusing, it appears that Shigezo is questioning the Circuit Court's ruling that the transfer of the tofu making machinery was not voidable and its award of nominal damages despite its conclusion that Munehiro and INOC's transfer of the machinery was fraudulent pursuant to HRS § 651C-4(a)(1). Since we are vacating the Circuit Court's Judgment as to the HUFTA claims and remanding for further

8

proceedings, we need not resolve Shigezo's contentions on this point of error.

C.

Shigezo argues that the Circuit Court erred in stating that there was no evidence of the value of the property conveyed. Shigezo further argues that it submitted Maruko's declaration and testimony as evidence of the value of the tofu making machinery and that the Circuit Court was required to accept Maruko's valuation. We reject Shigezo's contention that the Circuit Court was required to accept Maruko's valuation of the machinery. As the trier of fact, the Circuit Court was entitled to reject Maruko's valuation based on its assessment of the credibility and weight of the evidence. State v. Kam, 134 Hawai'i 280, 287, 339 P.3d 1081, 1088 (App. 2014) ("Matters of credibility and the weight of the evidence and the inferences to be drawn are for the fact finder. Appellate courts will give due deference to the right of the trier of fact to determine credibility, weigh the evidence, and draw reasonable inferences from the evidence adduced." (internal quotation marks, citations, and brackets omitted)); Porter v. Hu, 116 Hawai'i 42, 59-60, 169 P.3d 994, 1011-12 (App. 2007). ("It is for the trial judge as fact-finder to assess the credibility of witnesses and to resolve all questions of fact; the judge may accept or reject any witness's testimony in whole or in part." (citation and block quote formatting omitted)).

The Circuit Court adopted the Bankruptcy Court's finding that "there was no evidence of the current value of the machine" in support of its ruling that the transfer was not voidable because Shigezo had failed to disprove the elements of the transferee's HRS § 651C-8(a) defense. The Circuit Court's adoption of the Bankruptcy Court's finding that there was "no evidence" of the current value of the tofu making machine (at the time of transfer) appears somewhat inconsistent with the Circuit Court's additional adoption of Iwata's testimony that he accepted the tofu making machinery as collateral for loaning or advancing

9

$40,000.00 to Munehiro/INOC and that he and Watanabe asserted co-ownership of this machinery when Munehiro/INOC was unable to repay the $40,000.00. However, since we are remanding the case due to the Circuit Court's misapplication of the burden of proof on the transferee's HRS § 651C-8(a) defense, we need not resolve Shigezo's claim that the Circuit Court erred in stating that there was no evidence of the value of the property conveyed. On remand, the Circuit Court can clarify or modify its "no evidence" finding.

D.

Shigezo argues that the Circuit Court erred in dismissing Shigezo's claims of civil conspiracy and interference with judicial process. We disagree. Shigezo had the burden of proving these claims, and it was the Circuit Court's province, as the trier of fact, to evaluate the credibility and weight of the evidence. Kam, 134 Hawai'i at 287, 339 P.3d at 1088; Porter, 116 Hawai'i at 59-60, 169 P.3d at 1011-12. The Circuit Court concluded that Shigezo failed to present sufficient evidence to prove its conspiracy claim and failed to plead facts sufficient to support a claim of interference with judicial process.[9] Based on our review of the record, we conclude that the Circuit Court did not err in dismissing these claims.

E.

The Circuit Court did not rely on collateral estoppel or res judicata in rendering its decision. Accordingly, we need not decide Shigezo's claim that the Circuit Court erred in allowing the defendants to raise collateral estoppel and res judicata defenses.

---

[9] In support of its claim of interference with judicial process, Shigezo cites 18 U.S.C. § 1501, a federal criminal statute which makes it a crime to assault or willfully obstruct someone serving process of any court or magistrate judge of the United States. This statute does not provide supporting authority for Shigezo's claim of interference with judicial process.

IV.

Based on the foregoing, we vacate the Circuit Court's June 3, 2014, Judgment with respect to Counts I through IV of Shigezo's complaint to the extent that it entered judgment and awarded nominal damages on Shigezo's HUFTA claims. We affirm the Judgment in all other respects. We remand the case for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, August 31, 2016.

On the briefs:

Junsuke Otsuka
Otsuka & Associates, LLLC
for Plaintiff-Appellant

Grant K. Kidani
for Defendants-Appellees
Soy to the World, Inc.,
Emi Yamada, Yuji Iwata &
Fujiya Honpo, Inc.

Craig K. Furusho
for Defendant-Appellee
INOC Corp.

*Craig H. Nakamura*
Chief Judge

*[signature]*
Associate Judge

*[signature]*
Associate Judge

11